**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | |
|---|---|
| **DARREN MACDONALD**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**MOVEMENT MORTGAGE, LLC**, a Delaware limited liability company,<br><br>Defendant. | Case no. CA 0:22-2633-JFA<br><br>**CLASS ACTION**<br><br>**JURY DEMAND** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Darren MacDonald ("Plaintiff" or "Plaintiff MacDonald") brings this Class Action Complaint and Demand for Jury Trial against Defendant Movement Mortgage, LLC ("Defendant" or "Movement Mortgage"), to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by sending unsolicited telemarketing calls and text messages to consumers who registered their phone numbers on the Do Not Call registry ("DNC"), and to otherwise obtain injunctive and monetary relief for all persons injured by Defendant's actions. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff MacDonald is a resident of Scottsdale, Arizona.

2. Defendant Movement Mortgage is a Delaware limited liability company incorporated in Delaware and with its principal place of business at 8024 Calvin Hall Road,

Indian Land, SC 29707. Movement Mortgage conducts business throughout this District and the United States.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over Defendant and the venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District and the wrongful conduct leading to this case was directed by Defendant to Plaintiff from this District.

## INTRODUCTION

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

7. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8. When Congress enacted the TCPA in 1991, it found that American were receiving more than 18 million calls every day. 105 Stat. 2394 at § 2(3).

9. By 2003, due to more powerful autodialing technology, American were receiving more than 100 million calls every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

12. According to online robocall tracking service "YouMail," 4.3 billion robocalls were placed in June 2022 alone, at a rate of 144.3 million calls per day. www.robocallindex.com (last visited July 5, 2022)

13. The FCC also has received an increasing number of complaints about unwanted calls, with over 155,000 complaints in 2020, and 160,000 complaints in 2021. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

14. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

15. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

3

Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

16.     Defendant Movement Mortgage is a financial services company which provides home loans and mortgage options to consumers throughout the U.S.[3]

17.     Defendant Movement Mortgage places telemarketing calls and text messages to consumers across the U.S. soliciting their loans and mortgage options to consumers.

18.     Defendant Movement Mortgage places telemarketing calls and text messages to consumers whose numbers are registered on the Do Not Call registry without consent, like in Plaintiff MacDonald's case.

19.     Defendant Movement Mortgage hires employees to place telemarketing calls and text messages to consumers, for instance:

- An advertisement to hire Loan Officers includes "cold-calling" in the job description:[4]

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

[3] https://movement.com/about

[4] https://www.wayup.com/i-Financial-Services-j-Movement-Mortgage-403597494644059/

> **Responsibilities**
>
> Are you a driven, self-motivated individual who is seeking the opportunity to earn at least six figures a year? Do you find yourself seeking an opportunity to control your own financial destiny? Our top performing Loan Officers enjoy amazing incomes, the ability to control his/her future, and the satisfaction of creating an exceptional lifestyle for themselves and their family. Responsibilities: • Develops and maintains successful relationships with business referral sources, both existing and prospective with Movement Mortgage. • Prospects new mortgage lending opportunities. • Meets with customers as necessary during various stages of the loan process. • Utilizes Movement Mortgage training materials, reference tools, technology and other resources to provide an amazing customer service experience. • Provides complete loan applications to Operations. • Ensures an exceptional customer experience by overseeing the loan process from origination to close and providing on-going communication to customers and referral partners. • Achieves and Exceeds production goals as established by Movement Mortgage. • Oversees and takes responsibility for the loan process and his/her team members involved in the process. Qualifications: • This individual must thrive on the thrill of creating and establishing new relationships with referral partners in the real estate industry and community.This sales professional will create and maintain a rock-solid Business Referral Network **through marketing, cold-calling, prospecting and networking activities** and will also participate in community efforts to promote home ownership.This sales professional will participate and oversee the Loan Application Process: Sales Professionals must be DETERMINED, DEDICATED AND DRIVEN to establish and/or maintain a six-figure income in the mortgage industry. • Meet with prospective borrowers. • Review / Analyze credit and financial data. • Determine borrower financing objectives and goals. • Present appropriate Movement Mortgage products and programs and explain guidelines. • Apprise of pricing and lock rate as required. • Identify appropriate opportunities to sell additional products. • Collect supporting loan documentation as required and provide complete package to Mortgage Loan Coordinator. • Upload complete application via PC LenderLead and partner with Loan Officer Assistants, Processors, and Underwriter to ensure all loans close smoothly and without surprises.Lead and partner with Loan Officer Assistants, Processors, and Underwriter to ensure that loan conditions are met.Lead and partner with Loan Officer Assistants, Processors, and Underwriter to establish and maintain on-going communication to customer and referral partners regarding the loan process and status.Lead and partner with Loan Officer Assistants, Processors, and Underwriters to create an experience that leaves everyone saying "Wow that was the best experience ever! The sales professional WILL LEAD A DYNAMIC TEAM towards creating a Loan Experience that leaves Real Estate Partners and Clients to become their trusted advisor for all friends, family members, and future transactions.

- Another advertisement to hire Loan Officers includes "cold-calling" in the job description: [5]

> **Qualifications**
>
> - Sales Professionals must be determined, dedicated and driven to establish a six-figure income the mortgage industry.
> - This individual must thrive on the thrill creating and establishing new relationships with referral partners in the real estate and mortgage realm.
> - **This sales professional will create a rock solid Business Referral Network through marketing, cold-calling, prospecting and networking activities** and will also participate in community efforts to promote home ownership.
> - This sales professional will participate and oversee the Loan Application Process.
> - Meet with prospective borrowers.

20.     Multiple consumers have posted complaints about receiving similar unsolicited calls and text messages from Defendant Movement Mortgage as Plaintiff MacDonald, for instance:

---

[5] https://wizehire.com/job/loan-officer-in-dana-point-ca-c2cebd1c63a9bfcd



- [6]
- [7]
- [8]
- [9]

---

[6] https://www.shouldianswer.com/phone-number/8552498126
[7] https://www.shouldianswer.com/phone-number/8559127069
[8] https://800notes.com/Phone.aspx/1-803-335-2380
[9] https://800notes.com/Phone.aspx/1-208-403-3440

6

21. In response to these unsolicited telemarketing calls and text messages, Plaintiff MacDonald files this lawsuit seeking monetary and injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF MACDONALD'S ALLEGATIONS

22. Plaintiff MacDonald's cell phone number has been registered with the DNC since August 27, 2003.

23. Plaintiff MacDonald uses his cell phone number for personal use only.

24. On June 8, 2022, at 8:02 AM, Plaintiff MacDonald received a call to his cell phone from the phone number 520-214-6698. Plaintiff answered the call and spoke to Ariel, who identified herself as an employee of Defendant Movement Mortgage.



25. Defendant Movement Mortgage called Plaintiff to solicit him about refinancing his home.

26. Plaintiff was not looking for and had not requested any refinancing options for his home.

7

27. The phone number 520-214-6698 is used and operated by Defendant Movement Mortgage. On calling this phone number, it is answered by an automated voice system which identifies as Movement Mortgage.

28. On June 8, 2022, at 9:01 AM, Plaintiff received a text message from Defendant Movement Mortgage's employee Ariel, soliciting refinancing options to Plaintiff:



29. Ariel is an employee of Defendant Movement Mortgage.[10]



30. Plaintiff MacDonald never consented to receiving telemarketing solicitation calls or text messages from Defendant Movement Mortgage.

---

[10] https://www.linkedin.com/in/ariel-lanqua-6853b913a/

31. The unauthorized call and text message placed by Defendant Movement Mortgage, as alleged herein, have harmed Plaintiff MacDonald in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

32. Seeking redress for these injuries, Plaintiff MacDonald, on behalf of himself and Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., which prohibits unsolicited telemarketing calls to phone numbers that are registered on the DNC.

## CLASS ALLEGATIONS

33. Plaintiff MacDonald brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Movement Mortgage called or texted more than one time, (2) within any 12-month period, (3) where the person's phone number had been listed on the National Do Not Call Registry for at least thirty days (4) for substantially the same reason Defendant called or texted Plaintiff.

34. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or

released. Plaintiff MacDonald anticipates the need to amend the Class definition following appropriate discovery.

35. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

36. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether the Defendant or an agent calling on behalf of Defendant placed multiple calls and/or text messages within a 12-month period to Plaintiff and members of the Do Not Call Registry class without first obtaining consent to make the calls;

(b) whether Defendant's conduct violated the TCPA;

(c) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

37. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff MacDonald nor his counsel have any interest adverse to the Class.

38. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class as a whole,

and thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff MacDonald. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff MacDonald and the Do Not Call Registry Class)**

39. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

40. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

41. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone

solicitations to which they object. 47 U.S.C. § 227(c).

42. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff MacDonald and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

43. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone solicitation in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

44. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff MacDonald, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes, as defined above; appointing Plaintiff MacDonald as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff MacDonald requests a jury trial.

**DARREN MACDONALD**, individually and on behalf of those similarly situated individuals

DATED this 10th day of August, 2022.

By: /s/ *V. Elizabeth Wright*
/s/ V. Elizabeth Wright
Fed. ID Number 10699
V. Elizabeth Wright Law Firm, LLC
217 E. Park Avenue
Greenville, SC 29601
Telephone: (864) 326-5281
Fax: (864) 233-4567
Email: bethwrightattorney@gmail.com

*Local Counsel for Plaintiff and the putative Class*

Avi R. Kaufman
KAUFMAN P.A.
237 S Dixie Highway, Floor 4
Coral Gables, Florida 33133
Telephone: (305) 469-5881
kaufman@kaufmanpa.com

*Attorneys for Plaintiff and the putative Class*